**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DeWayne Brian Wheeler, | No. CV-19-04897-PHX-DJH (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Before the Court is Petitioner's unopposed Motion for Stay and Abeyance ("Motion to Stay") (Doc. 4) and the Report and Recommendation ("R&R") issued by Magistrate Judge Deborah M. Fine on December 10, 2019 (Doc. 13). On December 16, 2019, Petitioner filed a "Motion to Lift or Disregard Stay and Abeyance" (Doc. 14), which Judge Fine construed as an objection to the R&R's recommendation that the stay be granted pending issuance of the mandate regarding Petitioner's post-conviction review proceedings (Doc. 15).

**I.　Background**

In his Motion to Stay, Petitioner asks that his Petition be stayed until he has exhausted the basis for the claims advanced in Ground Two of his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 4). Respondents do not oppose Petitioner's requested stay. (Doc. 12). In her R&R, Magistrate Judge Fine finds that good cause exists to stay Petitioner's case, and recommends, among other things, that "within thirty days of the [state court] mandate issuing, Respondents and

Petitioner shall file a new report regarding the status of the state court proceedings." (Doc. 13 at 5).

Six days after she issued her R&R, and before this Court could review the R&R recommending the stay, Petitioner sought to lift or disregard the stay. (Doc. 14 at 3-4). Magistrate Judge Fine construed Petitioner's filing as an Objection to the R&R. (Doc. 15).

## II. Discussion

The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Petitioner does not make a traditional objection to a fact or finding in the R&R, but appears to be alerting the Court to the fact that his PCR claims have now been exhausted in the Arizona courts and thus the requested stay is no longer necessary and/or can be lifted.[1] Magistrate Judge Fine construed Petitioner's notice as an objection to her recommendation that the stay be granted only "pending the issuance of the mandate regarding Petitioner's PCR proceedings." (Doc. 13 at 5). As she notes in her Order, though Petitioner's Objection references the Arizona Appeals Court's decision on his PCR proceedings, he does not reference a mandate, and Respondents have been silent on the issuance of the same. (Doc. 15). The Court appreciates Petitioner's efforts to inform the Court as to the status of his PCR proceedings, but understands the prudence of requiring evidence of a mandate before lifting a warranted stay. The Court will therefore overrule Petitioner's Objection and adopt the R&R, but with the additional requirement that if a mandate has already issued in Petitioner's PCR proceedings, that Petitioner and

---

[1] The Court notes that on December 16, 2019, at the time of Petitioner's filing, there was no stay to lift, as this Court had yet to adopt Magistrate Judge Fine's R&R.

- 2 -

Respondents file a report within 14 days of this Order so informing the Court. Accordingly,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 13) is **ACCEPTED AND ADOPTED** as the Order of this Court. Petitioner's Motion for Stay (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that as recommended in the R&R, Petitioner and Respondents must file a report informing the Court of the status of the state court proceedings no later than 30 days after the date of service of this Order adopting this Report and Recommendation, and every 90 days thereafter. Petitioner and Respondents must also file a report informing this Court within 30 days after the mandate is issued in Petitioner's PCR proceedings, or if 30 days have passed since its issuance, within 14 days of this Order.

Dated this 10th day of March, 2020.

Honorable Diane J. Humetewa
United States District Judge