**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DeWayne Brian Wheeler,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>        Respondents. | No. CV-19-04897-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner DeWayne Brian Wheelers' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine on February 5, 2021 (Doc. 26).  Judge Fine recommended the Petition be denied as to Ground One and dismissed with prejudice as to Ground Two.  (*Id.* at 25).  Petitioner filed an objection (Doc. 29) and Respondents filed a Response (Doc. 32).

For the reasons discussed below, the Court overrules Petitioner's objections and adopts Magistrate Judge Fine's R&R as the Order of this Court.

**I.    Background**

Petitioner was found guilty of sale or transportation of dangerous drugs, a class 2 felony, while on probation for a felony offense.  (Doc. 22-1 at 4).[1]  In August of 2016, the Arizona superior court entered a judgment and sentence of the minimum allowable term of 15.75 years imprisonment.  (*Id.*)  On direct appeal, Petitioner failed to file a timely *pro per*

---

[1] The parties both provided copies of the state court filings. The Court will cite to the filings docketed at Doc. 22-1 and Doc. 22-2 in this Order.

1 brief and the Arizona Court of Appeals affirmed the conviction and sentence. (*Id.*)  The
2 Arizona Supreme Court denied the petition without comment.  (*Id.*)  Petitioner then timely
3 pursued post-conviction relief ("PCR") in which he argued multiple claims of ineffective
4 assistance of trial counsel. (Doc. 22-1 at 112).  The superior court dismissed Petitioner's
5 PCR petition in 2018, finding trial counsel was not ineffective.  (*Id.* at 168).  Later that
6 year, the Arizona Court of Appeals granted review and denied relief.  (Doc. 22-2 at 5).  In
7 2019, Petitioner filed a second PCR petition alleging his PCR and appellate counsel was
8 ineffective.  (*Id.* at 13–20). The superior court denied Petitioner's second PCR petition,
9 finding the claim procedurally defaulted under state law and that Petitioner was without
10 cause for excuse.  (*Id.* at 41).  The Arizona Court of Appeals granted review and denied
11 relief, holding that Petitioner had failed to establish that the superior court had abused its
12 discretion.  (*Id.* at 43–44).

13 Petitioner raises two grounds of ineffective assistance of counsel in his Petition.
14 (Doc. 1).  Petitioner alleges his trial counsel provided ineffective assistance of counsel by
15 encouraging him to reject a plea offer of five-years imprisonment and proceed to trial
16 ("Ground One").  (*Id.* at 12).  According to Petitioner, had counsel advised him on the
17 weight of the evidence against him he would have accepted the plea agreement and not
18 gone to trial.  (*Id.* at 15).  Petitioner also contends his PCR and appellate counsel were
19 ineffective for "failing to raise the issue that prejudicial testimony of prior bad acts w[as]
20 used in trial and the court's failure to request a curative jury instruction." ("Ground Two").
21 (*Id.* at 16).  Petitioner argues further that if Ground Two is procedurally defaulted, he has
22 cause to overcome the default.  (*Id.* at 11–12).

23 After a thorough review and analysis, Magistrate Judge Fine found Petitioner's
24 Ground Two to be procedurally defaulted without excuse and concluded Ground One failed
25 on the merits.  (Doc. 26 at 26).

26 Petitioner objects to the R&R's finding that Ground Two was procedurally defaulted
27 without excuse.  (Doc. 29 at 2).   Petitioner argues his claim was properly presented, and if
28 it is procedurally defaulted, he has cause for the default under *Martinez v. Ryan*.  (*Id.* at 3).

Petitioner also objects to the R&R's recommendation that a Certificate of Appealability of Ground One be denied. (*Id.* at 7). Petitioner contends Judge Fine, and the superior court, failed to provide a "reasoned rejection" of Petitioner's Ground One claim. (*Id.* at 7–8).

## II.   Standard of Review

The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (alteration in original)). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Where Petitioner fails to object to a magistrate judge's findings or recommendations, the district court need not review those conclusions *de novo*. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998) (citing *Smith v. Frank*, 923 F.2d 139, 141 (9th Cir. 1991)); *Miranda v. Anchondo*, 684 F.2d 844, 848 (9th Cir. 2012) (failure to object to a magistrate judge's factual findings waives the right to challenge those findings).

## III.   Ground Two

Magistrate Judge Fine's R&R begins with a review of Ground Two; so too will this Court. In Ground Two, Petitioner contends that his appellate and PCR counsel were ineffective for failing to argue that "prejudicial testimony of [his] prior bad acts were used in trial" and the trial court erred by not giving a curative instruction to the jury. (Doc. 1 at 5). Judge Fine concluded Ground Two is procedurally defaulted and Petitioner objects. (*Id.*)

"A claim is 'procedurally defaulted' if a state declines to address the claim on its merits for procedural reasons." *Williams v. Ryan*, 2019 WL 4750235, at *3 (D. Ariz. Sept. 30, 2019) (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2022)). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.'" *Ylst v. Nunnemaker*, 501 U.S. 797,

801 (1991).  Under Arizona law, where a claim of ineffective assistance of counsel could have been brought in an initial PCR hearing and a petitioner failed to do so, a subsequent ineffective assistance of counsel claim is precluded.  Ariz. R. Crim. P. 32.2(a)(3).

Without citation to the record, Petitioner begins his objection by contending that he presented the "404(b) issue" to the superior court, the Arizona Court of Appeals, and the Arizona Supreme Court. (Doc. 29 at 3).  This Court has reviewed the claims Petitioner did and did not raise in his state court proceedings.  As the Magistrate Judge accurately notes, the first time Petitioner alleged his appellate counsel and PCR counsel were deficient for failing to raise the 404(b) issue is in his second PCR proceeding. (Docs. 26 at 13; 22-2 at 13).  As a result, when Petitioner alleged in his second PCR hearing that his appellate and PCR counsel were ineffective for failing to assert that his due process rights were violated, the superior court determined the claim was expressly precluded under Arizona Rules of Criminal Procedure. (Doc. 22-2 at 41); Ariz. R. Crim. P. 32.2(a).  Arizona Rule of Criminal Procedure 32.2 (a)(3) states: "A defendant is precluded from relief under 32.1(a) based on any ground: (3) waived at trial or on appeal, or in any previous post-conviction proceeding."

The court held that Petitioner could not raise these claims in a successive Rule 32 proceeding "because the notice may only raise claims pursuant to Rule 32.1 (d), (e), (f), (g), or (h)" and Petitioner did not explain why the claims were untimely.  (Doc. 22-2 at 40). Petitioner's IAC claim against his appellate counsel, and his contention that the trial court erred by failing to implement a curative instruction, were deemed waived when Petitioner did not bring these claims in his first PCR hearing.  *State v. Spreitz*, 39 P.3d 525, 526 (Ariz. 2002) ("Our basic rule is that where ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.").

The second PCR court also clarified that because Petitioner did not have a legal right to PCR counsel, he could not assert an IAC claim against Rule 32 counsel in a successive proceeding. (Doc. 22-2 at 39); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir.

1993) (the right of effective assistance of counsel does not extend to state collateral proceedings or federal habeas corpus proceedings). The Arizona Court of Appeals then held the PCR court did not abuse its discretion when it concluded these claims were procedurally defaulted. (Doc. 22-1 at 43).

Petitioner's failure to raise the claim of IAC against appellate counsel and the issue of prejudicial testimony of bad acts in the first PCR hearing resulted in a waiver of the claim. Therefore, the 404(b) issue was precluded from being heard on the merits by the superior court in the second PCR hearing.

### a. Petitioner's Default Cannot be Excused for Cause under *Martinez*

However, "[p]rocedural default is excused if the 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . .'" *Williams*, 2019 WL 4750235, at *3 (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998)). To make a demonstration of "cause for procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In *Martinez*, the Supreme Court held, in states with laws like those in Arizona, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). The *Martinez* court found a showing of this nature granted the federal habeas petitioner cause to overcome the procedural default. *Id.* at 9. Since that time, the Supreme Court has clarified that *Martinez* only applies to underlying claims of ineffective assistance of trial counsel, not IAC of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). The *Davila* Court explained that "[e]xpanding *Martinez* would not only impose significant costs on the federal courts, but would also aggravate the harm to federalism that federal habeas review necessarily causes." *Id.* at 2069–70.

Petitioner argues there is cause to excuse default of Ground Two under *Martinez*. (Doc. 29 at 4). The Court disagrees. *Martinez* only provides an exception to a procedural

bar where the PCR counsel was ineffective in the initial-review collateral proceeding for failing to bring a claim of ineffective assistance of *trial* counsel. *Martinez*, 566 U.S. at 18. As noted by Judge Fine, Petitioner's articulation of Ground Two charges both his appellate and PCR counsel with ineffective assistance of counsel for failing to raise issues related to the trial court's admission of prejudicial testimony and the court's failure to give a curative instruction to the jury. (Doc. 26 at 5). Ground Two does not allege Petitioner's trial counsel was ineffective – the underlying claims are of ineffective assistance of appellate and PCR counsel.[2] *Martinez*, therefore, provides no basis to excuse the procedural default of his claims. *Davila*, 137 S. Ct. at 2062; *Martinez, 566 U.S.* at 9 ("This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for prisoner's procedural default of a claim of ineffective assistance at trial."). It is for these reasons that Judge Fine found that Petitioner's Ground Two allegation does not involve a claim of ineffective assistance of trial counsel and thus, Petitioner cannot show the cause necessary to overcome the procedural bar under Arizona law. (Doc. 26 at 14).

Petitioner cannot demonstrate cause for the default under *Martinez* nor can he show that the failure to raise the 404(b) issue resulted in actual prejudice. The Court finds Ground Two procedurally defaulted. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (where petitioner has failed to show cause to overcome a procedural bar, there is no need for the court to determine the existence of prejudice).

**b. Petitioner's Default is Not Excused for Actual Innocence**

"Procedural default is excused if the 'the prisoner can . . . demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Williams*, 2019 WL 4750235, at *3 (quoting *Boyd*, 147 F.3d at 1126). Generally, a miscarriage of justice occurs where a Petitioner can make a showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("[E]xplicitly tied [to] the miscarriage of justice exception [is] the petitioner's innocence."). Petitioner does not object to the R&R's determination that he

---

[2] In his second PCR hearing, Petitioner alleged that his PCR and appellate counsel failed to raise a violation of his right to a fair trial. (Doc. 22-2 at 13, 40).

- 6 -

has failed to make the showing of actual innocence needed to excuse the procedural default. *See Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.") The Court agrees with Judge Fine's conclusion that Petitioner cannot show that he is innocent, or that the procedural default resulted in a miscarriage of justice. (Doc. 26 at 17). The Court will adopt the R&R's finding as to Petitioner's lack of excuse for his failure to show that the procedural default will result in a miscarriage of justice.

For these reasons, the Court overrules Petitioner's objection and applies the R&R's recommendations as to Ground Two finding the claim procedurally defaulted without excuse.

**IV.    Ground One**

Petitioner also objects to Judge Fine's recommendation to deny Petitioner a Certificate of Appealability as to Ground One, arguing "there was no reasoned rejection of petitioners first ineffective assistance claim." (Docs. 29 at 7; 1 at 4). "A certificate of appealability may issue [] only if the applicant has made a substantial showing of the denial of a constitutional right." 28. U.S.C. § 2253(c)(2). A substantial showing is a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here, Ground One rests on Petitioner's claim that his trial counsel was ineffective when his counsel allegedly advised him to reject the plea offer and go to trial. (Doc. 1 at 13). To make a substantial showing of ineffective assistance of trial counsel Petitioner must show first, that counsel was so deficient that counsel was "not functioning as the 'counsel' guaranteed" by the Sixth Amendment and second, the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**a. Petitioner's Claim Fails on the Merits**

Contrary to Petitioner's objection, the Court finds that Judge Fine conducted a

- 7 -

thorough and detailed review of the merits of Ground One. The R&R reviewed both Petitioner's claim on the merits and the state courts' findings. (Doc. 26 at 17–21). The Court conducted an independent review of Ground One and agrees with Judge Fine, and the state courts, that the claim fails on the merits.

Upon review of the record, Petitioner presents conflicting arguments. First, Petitioner admits that he testified at sentencing that he had rejected the plea offer because he was not guilty of the offense. (Doc. 22-1 at 169). Then Petitioner argues, in his subsequent petitions, that he would have accepted the plea offer but-for his ineffective trial counsel who allegedly did not provide a clear explanation as to the benefit of the plea bargain and the risk of trial. (Doc. 1 at 6).

Either way, Petitioner has failed to show that his trial counsel was objectively deficient during plea negotiations or at trial. *Strickland*, 466 U.S. at 688 (stating that "the defendant must show that counsel's representation fell below an objective standard of reasonableness."). Petitioner is unable to show that but-for counsel's errors, Petitioner would have plead guilty and accepted the plea deal instead of going to trial. *Turner v. Calderon*, 281 F.3d 851, 873 (9th Cir. 2002) (finding that defendant failed to make a claim of ineffective assistance of counsel because defendant could not show that but-for counsel errors, "he would have plead guilty and would not have insisted on going to trial."); *Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Instead, Petitioner makes broad claims in his objection that Judge Fine's denial of the claim is unsupported. (Doc. 29 at 7). The Court is unable to find new facts that contradict Judge Fine's or the state courts' determination that Petitioner's trial counsel did not rise to the level of objectively deficient. (Docs. 22-1 at 170; 26 at 21).

Where Petitioner has failed to show that trial counsel was deficient, the Court need not review whether the Petitioner was prejudiced by trial counsel's performance. *LaGrand v. Stewart*, 133 F.3d 1252, 1270 (9th Cir. 1998) ("A court need not determine whether defendant was prejudiced by counsel's alleged deficiencies if it determines that counsel's

performance was not deficient."). The Court agrees with the R&R that Ground One fails on the merits.

### b. The Superior Court's Decision was not Unreasonable

"If a state court has already rejected an ineffective assistance claim, a federal court may grant habeas relief if the decision was 'contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.'" *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing 28 U.S.C. § 2254(d)(1)).

Petitioner contends that the superior court's findings do not support a reasoned rejection of Ground One under *Strickland*. (Docs. 29 at 7; 1 at 4). This is unsubstantiated. Although the superior court did not cite to the *Strickland* test, it did conduct the correct analysis under federal law. (Doc. 26 at 19). As in *Strickland*, the superior court worked to determine whether Petitioner's trial counsel was deficient. (Doc. 22-1 at 168). The superior court conducted a factual review of each of Petitioner's claims of trial counsel's deficiencies and found the claims unsupported by the record. (*Id.* at 168–170). In fact, the court went so far as to say it was "impressed" with trial counsel and could "not see how any other attorney could have done more on behalf of defendant . . . ." (*Id.* at 169); *Strickland*, 466 U.S. at 690 ("A court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."). The superior court reviewed trial counsel's conduct as required under *Strickland*, and there is no evidence, nor specific claim from Petitioner, that the court's review was an unreasonable application of the law. *Verduzco v. Matson*, 2011 WL 587150, at *1 (D. Ariz. Feb. 9, 2011) (explaining a petitioner's objections must be specific and in writing). The Court agrees and adopts the R&R's finding that the Petitioner has failed to show that the superior court engaged in an unreasonable application of law.

Petitioner is incorrect in stating that there was no reasoned rejection of Ground One and Petitioner failed to make the substantial showing required for a Certificate of

Appealability. For these reasons, the Court overrules Petitioner's objections to the Magistrate's R&R as they relate to Ground one.

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 26) is **accepted** and **adopted**. Petitioner's Objections (Doc. 29) are otherwise overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability is **denied** as to Ground One because dismissal of the claim is justified by a failure to make a substantial showing and jurists of reason would not find the ruling on the merits debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 26th day of April, 2022.

Honorable Diane J. Humetewa
United States District Judge